People v Encarnacion-Diaz (2018 NY Slip Op 06820)





People v Encarnacion-Diaz


2018 NY Slip Op 06820


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Oing, JJ.


7319 3915/03 4441/12

[*1]The People of the State of New York, Respondent,
v
Joaquin Encarnacion-Diaz, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Order, Supreme Court, New York County (Anthony J. Ferrara, J.), entered on or about July 7, 2017, which adjudicated defendant a level three sexually violent sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in granting an upward departure (see People v Gillotti, 23 NY3d 841 [2014]). In 2003, defendant was arrested for his first sex offense, involving his six-year-old niece, but he fled to Puerto Rico, and was returned on a warrant in 2011. By then he had returned to New York, and was arrested for the commission of additional sex offenses in 2011, involving his girlfriend's 10 and 11-year-old daughters. He was subsequently convicted in 2013, upon his pleas of guilty, of one count of sexual abuse in the first degree under the 2003 indictment, and two counts of sexual abuse under the 2012 indictment.
The risk assessment instrument relating to defendant's conviction under the 2012 indictment did not adequately assess defendant's risk of reoffense because it overlooked defendant's criminal history and pattern of abuse of young girls. The instrument did not factor in, or score points for, his commission of the sex offense in 2003, notwithstanding that his offenses were all covered by a comprehensive disposition in 2013. Thus, the People proved by clear and convincing evidence that defendant had a criminal history that increased his risk of reoffense toward children, and this alone warranted an upward departure.
We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK